IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN KELLEY,

    Plaintiff,

v.

NATIONAL PIPE AND PLASTICS, INC.

and

KESSLER SALES AND DISTRIBUTIONS

    Defendants.

CIVIL ACTION NO. 3:10-CV-153

(JUDGE CAPUTO)

## MEMORANDUM

Defendant Kessler Sales and Distributions' move for summary judgment. (Doc. 35.) Plaintiff Kelley was injured while making deliveries of PVC pipe. Mr. Kelley has sued both National Pipe and Plastics ("National Pipe"), who originally loaded the piping, and Kessler, a recipient of the pipe, for negligence. Kessler argues in its motion that, (1) based on its relationship with Kelley, it owed him no duty, and (2) the imposition of a duty in this context would be onerous because Kessler's employees did not cause the accident. Kessler's motion is opposed by both Mr. Kelley and Kessler's co-defendant, National Pipe. The Court disagrees with both of Kessler's points and will deny the motion for the reasons discussed below.

## BACKGROUND

On August 5, 2008, Mr. Kelley, a tractor-trailer driver employed by Anderson Trucking Company, arrived at National Pipe in Vestal, New York in a flat-bed trailer to pick up a load of commercial piping bound for two stops in Georgia: one at Macon Plastics and the other at Kessler. Dean Wilson loaded the pipe onto the flat-bed, Gerald Edwards checked its

height and weight, and Kelley secured it. In his deposition, Mr. Wilson testified that he loaded the pipe so that the order for the first stop could be unloaded without disturbing the order for the second stop, but not vice versa. According to the bill of lading, Macon Plastics was the first stop. Mr. Kelley then drove the flat-bed from Vestal to Macon, Georgia, routinely checking to make sure the load was secure. On the morning of August 7, Mr. Kelley arrived at Kessler's. Upon arriving, he noticed a portion of tied-down pipe bound for Macon Plastics located in the middle section of the truck had become loose. Later in the morning, Marty Estes of Kessler arrived. Rather than go to Macon Plastics, they decided to unload Kessler's order first. Mr. Kelley did not tell Mr. Estes about the instability he had noticed.

Kessler's order consisted of four pallets of 4" x 20' pipe and one-hundred and thirty four pieces of 3/4" x 20' pipe. Mr. Estes testified in his deposition that Kessler's portion of the pipe was only in the front section and that he had no contact with the middle section. He also testified he did not notice any instability. However, Mr. Wilson testified that he had loaded part of Kessler's order, the one-hundred and thirty-four pieces of 3/4" x 20' pipe, onto the *rear* of the flat-bed and extending into the middle section – the section Mr. Kelley had earlier noticed had shifted. After Kessler removed their pipe, Mr. Kelley was loosening the straps to the middle section of the load to reposition it when the pipe fell on him.

Mr. Kelley proceeded to file suit for negligence against National Pipe. He then joined Kessler as a defendant in an amended complaint. Kessler proceeded to file a motion for summary judgment. Kessler argues it did not owe Kelley a duty of reasonable care because of the nature of their relationship and because Kessler did not cause Mr. Kelley's injuries since its employees did not did not disturb the pipe in middle section of the flat-bed.

Kessler's motion is opposed by both Mr. Kelley and National Pipe. The motion has been briefed and is ripe for review.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved

against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

The Court will deny Kessler's motion because (1) it had a duty to Mr. Kelley to exercise reasonable care in unloading the truck and (2) there are material facts in dispute as to the location of the pipe Kessler's employees removed from the flat-bed prior to the accident.

### A. The Existence of a Duty

Negligence is established by proving the following four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Estate of Swift by Swift v. Northeastern Hosp.*, 456 Pa.Super. 330 (1997). The primary element in any negligence cause of action is that the defendant owes a duty of care to the plaintiff. *See Gibbs v. Ernst*, 538 Pa. 193, 210, 647 A.2d 882, 890 (1994). The primary element in any negligence cause

of action is that the defendant owes a duty of care to the plaintiff. *See Gibbs v. Ernst*, 538 Pa. 193, 210, 647 A.2d 882, 890 (1994). However, the concept of duty of care does not lend itself to strict, mathematical application, but is rather "necessarily rooted in often amorphous public policy considerations, which may include the court's perception of history, morals, justice and society." *Althaus ex rel. Althaus v. Cohen*, 562 Pa. 547, 553 (2000) (internal citation omitted). In determining whether a duty exists, the court weighs several factors, which include: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution. *Althaus*, 562 Pa. 547, 553 (internal citations omitted).

Here, without running through each factor independently, it is commonsensical that, given the risk imposed on not only the truck drivers transporting the pipe, but other drivers on the road and the minimal burden on the employees of imposing a duty to make sure the loads are secure, that Kessler owed Mr. Kelley a duty of care.

### B. The Cause of the Accident

Kessler additionally argues that a duty of care should not be imposed on it since it did not cause of the accident. According to Mr. Estes' testimony, Kessler's pipe was only in the front of the flat-bed. Since it was the middle-section pipe which became unstable and fell on Mr. Kelley, Kessler argues a duty of care should not be imposed on it because it was not responsible for Mr. Kelley's injuries.

First, the Court finds this argument to be more accurately about the element of *causation* rather than the existence of a *duty*. Clearly, if it was established that there was no way Kessler could have caused the accident that injured Mr. Stewart, they would be

5

entitled to summary judgment. However, there are conflicts in the record as to precisely this point. While Mr. Estes testified there was no need to touch the pipe in the middle section of the truck since Kessler's pipe was all in the front, Mr. Wilson testified that part of Kessler's order was in the rear of the flat-bed and encroached on the middle section. If Mr. Wilson is correct, the likelihood that Kessler may have played some role in the accident in getting its pipe from the middle of the truck is substantially higher. This conflict of material facts over causation makes summary judgment inappropriate.

## CONCLUSION

The Court will deny Kessler's motion for summary judgment because it did owe Mr. Kelley a duty of care and there are material facts in dispute as to the location of Kessler's pipe on the truck and whether Kessler's employees disturbed the pipe in the truck's middle section. An appropriate order follows.

November 23, 2011
Date

A. Richard Caputo
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN KELLEY,

    Plaintiff,

    v.

NATIONAL PIPE AND PLASTICS, INC.

and

KESSLER SALES AND DISTRIBUTIONS

    Defendants.

CIVIL ACTION NO. 3:10-CV-153

(JUDGE CAPUTO)

## ORDER

**NOW**, this 23rd day of November, 2011, **IT IS HEREBY ORDERED** that defendant Kessler's motion for summary judgment (Doc. 35) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge