# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN KELLEY, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-153 |
| v. | |
| NATIONAL PIPE & PLASTICS, INC., and KESSLER SALES AND DISTRIBUTIONS, | (JUDGE CAPUTO) |
| Defendants. | |

## **MEMORANDUM ORDER**

Presently before the Court is Defendant National Pipe and Plastic's Motion Suggesting the Application of Georgia Law (Doc. 65.) In applying Pennsylvania's conflict of law rules, Defendant asserts that the weight of the significant contacts among the parties tips the "choice of law" scale heavily in favor of the application of Georgia law. Plaintiff opposes Defendant's suggestion, and argues that only Pennsylvania has an interest in this litigation. Neither party argues for the application of New York law.

As the Court's jurisdiction in this case is based on diversity, the Court should apply Pennsylvania's choice of law principles. *On Air Entm't Corp. v. Nat'l Indem. Co.*, 210 F.3d 146, 149 (3d Cir. 2000). Under Pennsylvania law, the court begins with an "interest analysis" of the policies of all interested states and then-based on the result of that analysis-characterizes the case as a true conflict, false conflict, or unprovided-for case. *LeJeune v. Bliss–Salem, Inc.*, 85 F.3d 1069, 1071 (3d Cir.1996); *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 187 & n. 15 (3d Cir.1991).

Initially, "when two jurisdictions' laws are the same, then there is no conflict at all, and a choice of law analysis is unnecessary." *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007). When there is no conflict, "the court does not have to engage in a choice of law analysis, and may refer to the states' laws interchangeably." *Id*.

Here, Georgia and Pennsylvania law differs on the issue of comparative negligence. Pennsylvania allows for recovery so long as the plaintiff's negligence is not greater than fifty

percent (50%) of the total negligence. *See, e.g., Elder v. Orluck*, 511 Pa. 402, 515 A.2d 517 (1986). Georgia, however, denies recovery "where the negligence of the plaintiff and the defendant are equal." *Bridges Farms, Inc. v. Blue*, 480 S.E. 2d 598, 599 (Ga. 1997). Thus, a plaintiff may only recover under Georgia law if he or she is less than fifty percent (50%) at fault.

Having identified a relevant difference in Georgia and Pennsylvania negligence law, the Court must next determine if a true or false conflict exists. A true conflict exists "when the governmental interests of [multiple] jurisdictions would be impaired if their law were not applied." *Lacey*, 932 F.2d at 187 n. 15. If a case presents a true conflict, Pennsylvania choice-of-law rules "call for the application of the law of the state having the most significant contacts or relationships with the particular issue." *In re Estate of Agostini*, 311 Pa.Super. 233, 457 A.2d 861 (1983). As explained in the Second Restatement of Conflict of Laws:

> the factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6 (1971). Contacts to be taken into account in applying the principles of § 6 to determine the applicable law are:

> (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and the place of business of the parties; and, (d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145(2); *see also Taylor v. Mooney Aircraft Corp.*, 265 Fed. Appx. 87, 91 n.4 (3d Cir. 2008).

In making this determination, the court looks:

> to see what contacts each state has with the accident, the contacts being relevant only if they relate to the 'policies and interest underlying the particular issue before the court.' When doing this it must be remembered that a mere counting of contacts is not what is involved. The weight of a particular state's contacts must be measured on a qualitative rather than quantitative scale.

*Cipolla v. Shaposka*, 439 Pa. 563, 566, 267 A.2d 854 (1970) (citations omitted).

"A false conflict exists if only one jurisdiction's governmental interests would be impaired by the application of the other jurisdiction's law." *Lacey*, 932 F.2d at 187. If there is a false conflict, the court must apply the law of the only interested jurisdiction. *See, e.g., Kuchinic v. McCrory*, 422 Pa. 620, 222 (1966). Under Pennsylvania choice of law analysis, a false conflict exists "where the accident is fortuitous and the state where the accident occurred has no interest in the regulatory standard at issue." *Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 170 (3d Cir.1980). Where the site of an accident is not fortuitous, "the place of injury assumes much greater importance, and in some instances may be determinative." *Shields v. Consolidated Rail Corp.*, 810 F.2d 397, 401 (3d Cir.1987).

Here, the parties argue that a conflict exists as Plaintiff asserts that Pennsylvania has an interest in protecting its workers from workplace accidents. Conversely, Defendants argue that Georgia has an interest in having workplace accidents occurring within its borders governed by Georgia law.

Georgia law will govern this action. Applying the applicable contacts to this action: (a) the injury occurred in Georgia; (b) the conduct causing the injury occurred in Georgia (where the pipe fell) or New York (where the pipe was loaded) and no argument was advanced that the injury causing conduct occurred in Pennsylvania; (c) Plaintiff was domiciled in Pennsylvania, National Pipe and Plastics is domiciled in New York, and Kessler is either domiciled in New Jersey or Georgia; and (d) the relationship between all three parties is centered in Georgia where Plaintiff was delivering pipe to Kessler loaded by National Pipe and Plastics. Based on the foregoing, Georgia has the most significant relationship to this action, and Plaintiff's claims will therefore be governed by the law of Georgia.

NOW, this 5th day of April, 2012, **IT IS HEREBY ORDERED** that National Pipe & Plastic's Motion in *Limine* Suggesting the Application of Georgia Law (Doc. 65) is **GRANTED**.

A. Richard Caputo
United States District Judge